# Exhibit

# # 1



# Service of Process Transmittal
09/15/2020
CT Log Number 538248694

| | |
|---|---|
| **TO:** | Jemmy Renaud<br>American Honda Motor CO., Inc.<br>700 Van Ness Ave<br>Torrance, CA 90501-1486 |
| **RE:** | **Process Served in Virginia** |
| **FOR:** | American Honda Motor Co., Inc.  (Domestic State: CA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DANIEL L. WITHERS AND LAW OFFICE OF DAN WITHERS, PLTFS. vs. American Honda Motor Co., Inc., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CL20200013160 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/15/2020 at 12:58 |
| **JURISDICTION SERVED :** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/15/2020, Expected Purge Date: 09/20/2020 |
| | Image SOP |
| | Email Notification,  Jemmy Renaud  jemmy_renaud@hna.honda.com |
| | Email Notification,  Luis Melin  luis_melin@hna.honda.com |
| | Email Notification,  Lima Gebauer  lima_gebauer@hna.honda.com |
| | Email Notification,  Karen Guthrie  karen_guthrie@hna.honda.com |
| | Email Notification,  Sarah Taylor  sarah_taylor@hna.honda.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of  1 / GN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SPS

# COMMONWEALTH OF VIRGINIA
## CIRCUIT COURT OF FAIRFAX COUNTY
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Daniel L Withers et al. vs. America Honda Motor Co Inc
CL-2020-0013160

TO: America Honda Motor Co Inc
CT Corporation System, Registered Agent Honda Motor Co Inc
4701 Cox Road Ste 285
Glen Allen VA 23060

## SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on September 1, 2020.

JOHN T. FREY, CLERK
By: _____
Deputy Clerk

**Plaintiff's Attorney:** John Cole Gayle Jr.

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF FAIRFAX

DANIEL L. WITHERS
And
LAW OFFICE OF DAN WITHERS,

    Plaintiff,

v.    CASE NO. 2020-13160

AMERICAN HONDA MOTOR CO., INC.,
SERVE:
    CT Corporation System
    Registered Agent
    American Honda Motor Co., Inc.
    4701 Cox Road, Suite 285
    Glen Allen, Virginia 23060

    Defendant.

## COMPLAINT

COMES NOW the plaintiffs, Daniel L. Withers and Law Office of Dan Withers, by counsel, and move for judgment against the defendant on the grounds and in the amount as hereinafter set forth:

1. This is a case for breach of warranty and violation of the Motor Vehicle Warranty Enforcement Act.

2. Plaintiff, Daniel L. Withers, is a consumer who resides in Reston, Virginia.

3. Defendant American Honda Motor Co., Inc., (hereinafter "HONDA") is a corporation which does significant business through its authorized dealers in Johnston, Iowa (Purchasing dealer) and in the County of Fairfax and has its Registered Agent is in Henrico

1

County, Virginia. Among its other authorized dealers/agents, which distribute and sell automobiles, is Pohanka Acura (hereinafter "the servicing dealer"), which is located in Chantilly, Virginia.

## BACKGROUND FACTS

4.  Relying on the warranties, express and implied, given by the defendant and its agents, the plaintiffs agreed to lease, took delivery of, and accepted a new 2018 Acura NSX, Vehicle Identification Number: **19UNC1B00JY000018** ("the vehicle"), on April 2, 2019, from the dealer in Johnston, Iowa. The vehicle is warranted with a manufacturer's limited warranty and other warranties implied by law.

5.  Soon after purchase, the plaintiff, Daniel L. Withers, discovered the vehicle did not conform to the contract as there are defects which cause the vehicle to fail to conform to the warranties: i.e.

**ONSET**: During both spirited driving and normal driving conditions – and without any warning whatsoever – the vehicle suddenly loses drive power and the dashboard immediately lights up with (and cycles through) a multitude of safety warning indicators, such as BRAKE SYSTEM PROBLEM, BRAKE HOLD SYSTEM PROBLEM, HILL START ASSIST PROBLEM, ALL WHEEL DRIVE SYSTEM PROBLEM, POWER STEERING (EPS) SYSTEM PROBLEM, EMISSIONS SYSTEM PROBLEM, VEHICLE STABILITY ASSIST (VSA) SYSTEM PROBLEM, ELECTRIC PARKING BRAKE PROBLEM.

**WHAT HAPPENS DURING**: At that moment, maintaining consistent forward velocity becomes impossible. The vehicle simply will not maintain speed. On a few occasions, plaintiff was forced to initiate emergency maneuvers to prevent cars and trucks behind him from colliding

2

with him. The steering wheel shakes, the mirrors shake, and the engine sound is completely different than before. After he is able to pull off the roadway, while the vehicle is still running, when trying to drive away the vehicle shudders very significantly and very ominously, as if the wheels are about to come off. Plaintiff learned that at least two of the six cylinders shut down during these several serious events, causing exceedingly rough vibration during attempts to drive, and causing very limited capacity to drive more than 30 or 35 miles an hour.

**AFTER THE CRISIS IS OVER**: Plaintiff is forced to pull off to the side of the road and turn the vehicle off. After about 30 minutes of waiting on the side of the road, the car will start. The malfunctions appear to go away and normal driving can continue. However, on some occasions, all of the safety warnings continue to flash on the dashboard, even though the vehicle seems to be functioning normally. Plaintiff finds this quite disconcerting to drive a vehicle with "BRAKE SYSTEM PROBLEM" among several other serious safety warning indicators flashing on the dashboard.

**PRIOR PROBLEMS INCLUDE**: The vehicle shakes badly when accelerating, the tire sensor is defective; and the radio volume control is defective.

This serious safety defect has exhibited itself on several occasions and still exists since this defect first occurred on or about July 16, 2019 after written notice to the Defendant about it on May 12, 2020, and after the "final repair attempt" in July, 2020.

  6. At the time plaintiff took delivery of and accepted the vehicle, he was unaware of the defects and nonconformities because of the difficulty of discovery and because some of the problems have appeared subsequent to his purchase of the vehicle.

3

7. Soon after discovering the defects and nonconformities, the plaintiff took the vehicle to the dealer to have the nonconformities corrected. Seven or more repair attempts have not corrected the nonconformity within eighteen months of the date of delivery of the vehicle to him. The vehicle has a serious safety defect and it has been out of service for repair for over thirty days, and the nonconformity still exists.

8. Honda received notice of the defects from the plaintiff on or about May 13, 2020.

9. The defects and nonconformities continue to exist and substantially impair the vehicle's use, market value, and safety to the plaintiff, who has used it for his personal use, and who has properly used and serviced the vehicle while it has been in his possession.

10. At this time, the vehicle is in substantially the same condition as when it was delivered to the plaintiff, with the exception of repairs done to the vehicle by the defendant's agents or authorized repair facilities.

11. The vehicle, as accepted, has a substantially reduced value to the plaintiff.

12. On May 12, 2020 the plaintiff rejected or revoked acceptance of the vehicle and asked the defendant to return the purchase price and all other damages sustained and recoverable under Virginia law, if it could not fix it. The defendant has refused to do this.

### COUNT ONE

### BREACH OF EXPRESS AND IMPLIED WARRANTIES UNDER THE MAGNUSON-MOSS WARRANTY ACT

13. Plaintiff incorporates the allegations of paragraphs 1 through 12 as if alleged herein.

4

14. Plaintiff is a "consumer" as defined in 15 U.S.C. §2301 (3); Honda fits the definition of "supplier" and "warrantor" as defined in 15 U.S.C. §2301 (4) and (5); and the vehicle is a "consumer product" as defined in 15 U.S.C. §2301 (1).

15. Honda does not have a dispute resolution mechanism which meets the requirements of 16 C.F.R. Part 703, promulgated by the Federal Trade Commission pursuant to §2310(a)(2) of the Magnuson-Moss Warranty Act.

16. The vehicle was manufactured after July 4, 1975 and an express Limited Warranty and an implied warranty of merchantability were given to plaintiff as a part of the purchase, warranties which meet the definition of "written warranty" and "implied warranty" contained in 15 U.S.C. §2301 (6) and (7).

17. The Limited Warranty has failed of its essential purpose and the defendant has violated the Act due to its inability and/or refusal to repair or replace the nonconformity within a reasonable time, and due to its refusal to provide the plaintiff a refund. 15 U.S.C. §2304 (a)(1) and (4).

18. The defendant has also breached its implied warranty of merchantability since the vehicle, in view of the nonconformity and defendant's inability to correct them, was not fit for the ordinary purpose for which the vehicle was used. 15 U.S.C. §§2308, 2310 (d).

19. As a proximate result of defendant's violations of the Act and breach of its warranties, the plaintiff has been damaged for which the defendant is responsible. 15 U.S.C. §§2304(a) and 2310(d).

## COUNT TWO

## VIOLATION OF THE MOTOR VEHICLE WARRANTY ENFORCEMENT ACT

20. Plaintiff incorporates the allegations of paragraphs 1 through 19 as if alleged herein.

21. As individually defined in Section 59.1-207.11, et. seq., of the Code of Virginia, the plaintiff is a "consumer," "Honda" is a "manufacturer, "the vehicle" is a "motor vehicle," and the defects in the vehicle constitute a "nonconformity."

22. The defendant and its agents have failed to correct nonconformities in the vehicle after a reasonable number of repair attempts, which has impaired the use, market value, and safety of the vehicle to the plaintiff. It has refused the plaintiff's demand for damages and its actions are in violation of the Motor Vehicle Warranty Enforcement Act, §§59.1-207.11, 207.13, and 207.14, Code of Virginia (1950).

WHEREFORE, the plaintiffs respectfully request this Court, in return for plaintiffs returning the vehicle to the defendant, award damages for all money paid towards the purchase of the vehicle, including any deposit, trade-in, extended warranty, all of which at this time totals about SIXTY-SEVEN THOUSAND EIGHT HUNDRED TEN DOLLARS and FIFTY-ONE CENTS ($67,810.51), plus any other collateral charges as defined in §59.1-207.11, incidental and consequential damages, loss of use, expert witness fees, pre-judgment interest, all reasonable attorney's fees, vehicle purchase payments made after the filing of this suit, fees. and costs and expenses herein incurred. Upon payment of these damages, Plaintiff will return the vehicle to the defendant.

**Trial by jury is demanded.**

DANIEL L. WITHERS
And
LAW OFFICE OF DAN WITHERS,

By: _____
Counsel

John Cole Gayle, Jr., Esquire
VSB No. 18833
The Consumer Law Group, P.C.
1508 Willow Lawn Drive, Suite 220
Richmond, Virginia 23230
804 282-7900
804 673-0316 Fax
jgayle@theconsumerlawgroup.com

Counsel for Plaintiffs

7